[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 25, 1995 Date of Application February 20, 1995 Date Application Filed February 24, 1995 Date of Decision July 25, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Windham at Danielson.
Docket No. CR92-80519;
David Crow, Esq., Defense Counsel, for Petitioner.
Vincent Dooley, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner entered guilty pleas to possession of more than 4 ounces of marijuana, a violation of C.G.S. § 21a-279(a) and failure to appear in the 1st degree, a violation of C.G.S. § 53a-172(a). The court imposed a sentence of 5 years on the first count and 5 years concurrent on the second count for a total effective sentence of 5 years.
On March 7, 1992, members of the Statewide Narcotics Task Force — Eastern Division and the Jewett City Police Department conducted a search for marijuana at the petitioner's residence at 23 Green Street, 2nd floor in Putnam. The search uncovered 13 clear plastic bags, each containing a green plant-like material which was subsequently tested and found to have a positive reaction for marijuana. In addition paraphernalia in the form of a hand-held pocket scale was seized. An arrest warrant was issued and the petitioner was charged with possession of more than 4 ounces of marijuana and use of drug paraphernalia, a violation of C.G.S. § 53a-267(a). The petitioner failed to appear at his scheduled court date of July 20, 1992 and again on August 15, 1994 and was charged with two counts of failure to appear in the first degree. He entered pleas to the marijuana charge and one count of failure to appear in the first degree.
At the time the plea was entered, the court ordered the preparation of a presentence report and an Alternative Incarceration Plan (A.I.P.). The office of adult probation recommended inpatient treatment for the 40 year old petitioner. Counsel for the petitioner claims the sentence imposed was excessive because his client was found to be drug dependent and now seeks to be placed into a treatment program. The petitioner was abusing drugs since age 14 and has heretofore not had an opportunity for treatment, according to his counsel. It was also pointed out to the Division that petitioner has in the past performed numerous community services in his trade as a carpenter and that he would like to serve as a good citizen in his community.
The attorney for the state asserted the petitioner's record does not disclose the fact that he fled to Tennessee in 1988. There was a violation of probation charge awaiting him and he refused to cooperate until he knew the V.O.P. charge had been withdrawn. We are asked to affirm the sentence on the basis that CT Page 10436 petitioner has already demonstrated his unwillingness to abide by conditions and, therefore, an A.I.P. program is not practical.
The petitioner explained to the Division that he had a severe drug problem and that he came back from Tennessee knowing full well that he would be arrested. He claimed to failed to appear as arranged because his truck broke down in Pennsylvania and a call to the courthouse resulted in someone's refusal to give him a continuance for one week. His incarceration, he says, has been a rude awakening and he describes himself as "totally addicted and rotting away in prison." He concluded by saying, "I'm a drug addict."
Petitioner's criminal record supports the claim that he is a substance abuser. In addition to the present case, he was convicted on no less than five prior drug related offenses, in both Connecticut and Massachusetts. In at least two of those cases he was given a split sentence with conditions of substance abuse evaluation and treatment. The court noted at sentencing that it was refusing to go along with the A.I.P. recommendation after the assistant state's attorney pointed out that, although petitioner entered pleas to two counts, there were a number of other charges the state was going to nolle in exchange for the guilty pleas.
In examining the facts present in the petitioner's case and the factors set forth in Prac. Bk. § 942, we conclude that his prior criminal record, including his failure to adhere to probation conditions does not render the sentencing court's refusal to adopt the A.I.P. unreasonable. We also conclude that the sentence imposed was not excessive or disproportionate under the circumstances presented to the sentencing court.
Sentence affirmed.
Stanley, J.
Purtill, J.
Norko, J.
Stanley, J., Purtill J., and Norko, J. participated in this decision. CT Page 10437